IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRANDON ROWELL,

        Plaintiff,

v.                                1:12-cv-0491-WSD

METROPOLITAN LIFE
INSURANCE COMPANY,

        Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation ("R&R") [51] on Defendant Metropolitan Life Insurance Company ("Defendant" or "Metlife")'s Motion for Summary Judgment [45], and on Plaintiff Brandon Rowell ("Plaintiff")'s Notice of Appeal [44] of the Magistrate Judge's March 4, 2013, Order denying an extension of time to complete discovery [43].

**I.    BACKGROUND**

On February 16, 2012, Plaintiff filed this action against Metlife asserting claims for racial discrimination and harassment under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq., and racial

discrimination under 42 U.S.C. § 1981. Plaintiff also asserts state-law claims for negligence and intentional infliction of emotional distress.

On January 15, 2013, Plaintiff consented to the withdrawal of his counsel and elected to proceed *pro se*. On March 18, 2013, Metlife moved for summary judgment, and on October 9, 2013, the Magistrate Judge recommended that Metlife's motion be granted. Plaintiff did not file objections to the R&R.

Since 2002, Plaintiff was employed by Metlife, first in Ohio as a sales representative, and then as a Client Executive, after a transfer in 2008 to Metlife's office in Atlanta, Georgia. As a Client Executive, Plaintiff was responsible for managing Metlife's accounts with employers having 500 to 15,000 employees. In 2009, Plaintiff's sales goal was set at $6,494,853.00. His actual sales for that year totaled only $689,565.00 – only 10.6% of his goal. That same year, Metlife incurred over $3,000,000 in losses resulting from cancellations of existing plans assigned to Plaintiff. Plaintiff's sales were lower than the other employees on his sales team and Metlife received various complaints from customers regarding Plaintiff's job performance.

On February 23, 2010, Plaintiff's supervisor placed Plaintiff on a Performance Improvement Plan ("PIP"), which set goals for Plaintiff to achieve that year. On July 30, 2010, Plaintiff resigned from Metlife to start his own

insurance agency.  Before his resignation, Plaintiff filed a charge of racial discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that Metlife had discriminated against him by failing to provide Plaintiff, who is black, with the same opportunities for compensation as his peers, and by placing him on a PIP.  On November 18, 2011, the EEOC determined there was inconclusive evidence of discrimination and issued Plaintiff a notice of dismissal and right to sue.

The Magistrate Judge, in a thorough and detailed R&R, applied the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applicable to Title VII cases, and concluded that Plaintiff had failed even to make a prima facie showing of racial discrimination.  First, Plaintiff failed to demonstrate that he had suffered an adverse employment action.  The Magistrate Judge found that being placed on a PIP, or receiving negative job evaluations, does not amount to an adverse action for the purposes of Title VII.  Second, Plaintiff failed to show that Metlife treated him less favorably than similarly situated individuals outside of his protected class.  The Magistrate Judge also concluded that Plaintiff failed to present evidence supporting his state-law claims.

**II.    DISCUSSION**

  A.    <u>Legal Standard on a Magistrate Judge's R&R</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "'give fresh consideration to those issues to which specific objection has been made by a party.'"  <u>Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga.</u>, 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2nd Sess. (1976)).  With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.  <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983), <u>cert. denied</u>, 464 U.S. 1050 (1984).  Because Plaintiff did not object to the R&R, the Court reviews it for plain error.

  B.    <u>Analysis</u>

Having conducted a careful review of the record, the Court finds no plain

error in the findings and recommendations in the R&R.  Title VII makes it unlawful for a covered employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  "The elements of a claim of race discrimination under 42 U.S.C. § 1981 are the same as a Title VII disparate treatment claim in the employment context."  Gaston v. Home Depot USA, Inc., 129 F. Supp. 2d 1355, 1367 (S.D. Fla. 2001) (citation omitted).  Thus, the same analysis is used to evaluate both claims.  See Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998) ("Both of these statutes have the same requirements of proof and use the same analytical framework[.]").  Claims of racial discrimination are evaluated using the burden-shifting framework articulated in McDonnell Douglas. Maddox-Jones v. Bd. of Regents of Univ. Sys. of Ga., 448 F. App'x 17, 19 (11th Cir. 2011) (per curiam) (unpublished).  Under the McDonnell Douglas framework, Plaintiff must first make a prima facie case of discrimination – which requires only that "plaintiff establish facts adequate to permit an inference of discrimination" Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997).

To establish a prima facie case of race discrimination, Rowell must demonstrate that (1) he is a member of a protected class; (2) he was qualified for

the job or job benefit at issue; (3) he was subjected to an adverse job action; and (4) his employer treated similarly situated employees outside of his class more favorably. Burke-Fowler v. Orange Cnty., Fla., 447 F.3d 1319, 1323 n.2 (11th Cir. 2006).

Plaintiff argued that being placed on a PIP amounted to an adverse employment action. Only conduct that satisfies a "threshold level of substantiality," by "impact[ing] the terms, conditions, or privileges of the plaintiff's job in a real and demonstrable way," is actionable under Title VII. Davis v. Town of Lake Park, Fla., 245 F.3d 1232, 1238 (11th Cir. 2001). Plaintiff failed to produced any evidence showing that being placed on the PIP had a "serious and material" adverse impact on his employment because Plaintiff was not fired or demoted, and did not take any cut in pay as a result of the PIP.

Plaintiff also failed to present evidence to demonstrate that similarly situated employees outside Plaintiff's protected class were treated more favorably by Metlife. "In evaluating the 'similarly situated' component in cases involving allegedly . . . preferential treatment, the 'quantity and quality' of the comparator's circumstances must be 'nearly identical' to those of the plaintiff. Walach v. Shineski, No. 11–80412–CIV, 2012 WL 664277, at *3 (S.D. Fla. Feb. 28, 2012).

"If a plaintiff fails to show the existence of a similarly situated employee, summary judgment is appropriate where no other evidence of discrimination is present."

The individual employees Plaintiff offered as comparators were not similarly situated with respect to job performance, experience, and customer feedback. Plaintiff's sales were substantially lower than his co-workers, and Plaintiff received customer complaints whereas his co-workers did not.

The Court finds no error with the Magistrate Judge's findings and recommendation that Plaintiff failed to establish a prima facie case of unlawful discrimination. The Court also finds no error with the Magistrate Judge's conclusion that Plaintiff failed to present any evidence to support his state-law tort claims. Finding no error with the R&R, it is adopted. Metlife's motion for summary judgment is granted.

  C. <u>Plaintiff's Appeal of the Magistrate Judge's Discovery Order</u>

On March 4, 2013, the Magistrate Judge denied Plaintiff's motion to extend, for the third time, the discovery deadline in this action. Judge Vineyard found that Plaintiff had failed to show why the additional discovery Plaintiff requested could not have been obtained before the close of the already-extended deadline. Judge Vineyard also noted that Plaintiff had not attempted to arrange a conference with the court to resolve any discovery disputes, but instead waited until discovery was

about to close to file a request for his third extension. On March 12, 2013, Plaintiff appealed the Magistrate Judge's order denying Plaintiff's extension request.

Plaintiff argues that on January 15, 2013, the date Plaintiff's counsel withdrew, Plaintiff asked his counsel to revise certain discovery requests. Plaintiff contends that his former counsel did not provide the revised requests until January 28, 2013, and that when Plaintiff submitted the requests to Metlife on February 1, 2013, he was informed they were untimely.

Having reviewed Plaintiff's submission, the Court finds no error with the Magistrate Judge's order. Because discovery was scheduled to close on February 15, 2013, Plaintiff's additional requests, to be timely, were required to be served on Metlife no later than January 16, 2013 (see Fed. R. Civ. P. 33(b)(2) and 34(b)(2) giving parties 30 days to respond to interrogatories and requests for production of documents). Plaintiff and his counsel were aware of these deadlines, and Plaintiff does not provide any good cause for delay, especially in light of the discovery extensions already received. Accordingly, Plaintiff's appeal of the Magistrate Judge's March 4, 2013, Order is denied.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's

Final Report and Recommendation [51] is **ADOPTED** and Defendant Metropolitan Life Insurance Company's Motion for Summary Judgment [45] is **GRANTED**.  This action is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff Brandon Rowell's Appeal of the Magistrate Judge's discovery order [44] is **DENIED**.

**SO ORDERED** this 18th day of November 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE