IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRANDON ROWELL,

            Plaintiff,

v.                            1:12-cv-0491-WSD

METROPOLITAN LIFE
INSURANCE COMPANY,

            Defendant.

**OPINION AND ORDER**

This matter is before the Court on Defendant Metropolitan Life Insurance Company's ("Defendant") Motion for Costs [55] and Plaintiff Brandon Rowell's ("Plaintiff") Motion for Stay [63].

**I.    BACKGROUND**

On February 16, 2012, Plaintiff filed this action against Defendant asserting claims for racial discrimination and harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and racial discrimination, in violation of 42 U.S.C. § 1981. Plaintiff also asserted state-law claims for negligence and intentional infliction of emotional distress.

On February 12, 2013, Plaintiff filed a Motion for Extension of Time to Complete Discovery [40]. On March 4, 2013, Magistrate Judge Russell G.

Vineyard denied [43] Plaintiff's motion, and on March 12, 2013, Plaintiff appealed [44] the Magistrate Judge's decision.

On March 18, 2013, Defendant filed its Motion for Summary Judgment [45], and on October 9, 2013, the Magistrate Judge issued a Final Report and Recommendation ("R&R") [51], recommending that Defendant's Motion for Summary Judgment be granted. Plaintiff did not file objections to the R&R, and on November 18, 2013, the Court adopted the R&R [53], granted Defendant's Motion for Summary Judgment, and denied Plaintiff's appeal of the Magistrate Judge's discovery order.

On November 21, 2013, Defendant filed its Motion for Costs, asking the Court to award $6,574.65 in "stenographic and video recording" costs. On January 13, 2014, Defendant filed its Bill of Costs [61] requesting that the Clerk tax $6,574.65 in costs against Plaintiff.[1]  Plaintiff did not object to either Defendant's Motion for Costs or its Bill of Costs. On February 4, 2014, the Clerk taxed costs of $6,574.65 against Plaintiff.

On February 6, 2014, Plaintiff filed his Motion for Stay, asking the Court to stay the judgment of $6,574.65 in costs until his appeal in the Eleventh Circuit is

---

[1] Defendant attached a sworn affidavit of Jamie Konn, Defendant's counsel and invoices detailing the specific costs incurred.

considered.[2] On February 24, 2014, Defendant filed its Response in Opposition to Plaintiff's Motion for Stay [64].

On March 4, 2014, Plaintiff filed his Reply in support of his Motion, asserting that "his current financial position [will not] allow him to pay [Defendant]." (Reply at 1). Plaintiff attached three (3) documents to support his assertion that does not have any funds available, due to other financial obligations, to pay Defendant $6,574.65 in costs.[3]

## II.   DISCUSSION

Plaintiff does not dispute that Defendant, as the prevailing party, is entitled to its costs. (Reply at p. 1); see also Fed. R. Civ. P. 54(d)(1) ("costs--other than attorney's fees--should be allowed to the prevailing party."); 28 U.S.C. § 1920(2) (Costs may be taxed for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."). Plaintiff seeks only to stay the

---

[2] On December 17, 2013, Plaintiff filed his Notice of Appeal [56] of the Court's November 18, 2013, Order. Plaintiff disagrees with the Court's "decision to deny his Motion to Extend Discovery, and asks the Court to reopen discovery." (Notice of Appeal at p. 1). Plaintiff has not appealed the Court's decision to grant summary judgment in favor of Defendant.

[3] Plaintiff attached notices showing that he owes $3,818.32 to Everhome Mortgage for defaulting on his monthly mortgage payments and $3,007.17 to the Department of the Treasury, Internal Revenue Service (Reply at pp. 5, 7). Plaintiff also has an outstanding balance of $11,347.63 on his American Express Credit Card. (Id. at 8).

judgment pending the resolution of his appeal based upon his inability to pay the judgment.[4]

As a rule, an appeal does not automatically stay the enforcement of a judgment. Cf. Fed. R. Civ. P. 62. Federal Rule of Appellate Procedure 8 permits a party to apply to the district court for "a stay of the judgment or order of a district court pending appeal." Fed. R. App. P. 8(a)(1)(A).[5] Rule 62(d) provides that: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d).

"The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-91 (5th Cir. 1979). "A judgment debtor who wishes to appeal may use the bond to avoid the risk of satisfying the judgment only to find that restitution is impossible after

---

[4] Defendant, in its Response, argues only that its costs should be taxed against Plaintiff, and does not address whether a stay of the judgment is warranted.
[5] The Court retains jurisdiction to grant a stay of its judgment, despite the filing of a notice of appeal. See Rakovich v. Wade, 834 F.2d 673, 674 (7th Cir. 1987) ("a notice of appeal does not deprive the district court of jurisdiction over a motion for stay of its judgment").

reversal on appeal [while the bond also] secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal." Id. at 1191. "If a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure." Id. at 1191. See also Athridge v. Iglesias, 464 F.Supp.2d 19, 23–24 (D.D.C. 2006) ("a full supersedeas bond should be the requirement in normal circumstances") (citations omitted).

    Plaintiff has not posted a supersedeas bond to protected Defendant from loss during the pendency of the appeal.[6] Plaintiff does not state that he would be willing or able to post such a bond, or otherwise suggest an alternative method to protect Defendant's judgment. Plaintiff merely asserts that he is unable to pay the judgment due to existing debt obligations. Plaintiff identifies several outstanding bills which total $18,172.12 in indebtedness. Plaintiff does not provide any detail as to his current income or his current assets so as to determine whether he can pay the above-mentioned debts. To the extent that Plaintiff's financial situation is

---

[6] A review of the docket in this case shows that Plaintiff paid his $505.00 fee [68] to file his appeal in this case.

deteriorating, Defendant's interest in protecting its judgment is particularly great. Plaintiff does not provide any support to justify the Court staying its judgment and implicitly giving priority to the above-referenced personal debts over Defendant's right to recover its costs in an action initiated by Plaintiff.

The Court's "power to waive the requirement of a supersedeas bond . . . has been exercised only in extraordinary circumstances and only where alternative means of securing the judgment creditor's interest were available." See Tara Prods., Inc. v. Hollywood Gadgets, Inc., 2011 WL 4020855, at *2 (S.D. Fla. Sept. 9, 2011) (quoting Grand Entm't Group, Ltd. v. Star Media Sales, Inc., No. 86-5763, 1992 WL 114953, at *2 (E.D. Pa. May 18, 1992)).  Plaintiff has not demonstrated extraordinary circumstances and has not proposed an alternative means to protect Defendant's interest in the judgment.  See Grand Entm't Group, 1992 WL 114953, at *2 ("It is the appellant's burden to demonstrate objectively that posting a full bond is impossible or impractical; likewise, it is the appellant's duty to propose a plan that will provide adequate (or as adequate as possible) security for the appellee.").

The Court declines to exercises its discretion to stay its judgment without requiring Plaintiff to post a supersedeas bond.  The Court approves a supersedeas bond in $6,574.65.00, the amount of the judgment.  If Plaintiff decides that he is

willing to post a supersedeas bond in this amount, or can propose a satisfactory alternative method to protect Defendant's interest in the judgment, Plaintiff may again move to stay enforcement of the judgment pending the resolution of his appeal.[7]

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Metropolitan Life Insurance Company's Motion for Costs [55] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff Brandon Rowell's Motion for Stay [63] is **DENIED**.

**SO ORDERED** this 22nd day of August, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[7] The Clerk taxed costs to Plaintiff [62] in response to Defendant's submission of its Bill of Costs [61], rendering Defendant's Motion for Costs moot.